■ In the Matter of the Claim of JAMES McCAFFREY, Appellant, against PELHAM MANOR POLICE DEPARTMENT et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board which reversed a referee's decision and found that claimant's injuries did not arise out of his employment. Claimant was Police Chief of Pelham Manor. As such, he was subject to call 24 hours a day. It was his custom, with the approval of the village board, to drive a police

car home for lunch. On the day of the alleged accident he had driven the police car to his home at about 12:30 P.M., and parked it in his driveway. After he had lunch he was injured when he fell in his back yard. Claimant's son and son-in-law were playing ball in the yard at the time. There is evidence to the effect that claimant was on his way to the car to return to work when the ball came toward him and, in trying to avoid it, he fell. There is also evidence to the effect that claimant was participating in the ball play and was not on his way to work when he was injured. There is no finding as to which version is accepted by the board. The board merely found that "The history of the alleged accident is in conflict" and that it "did not arise out of the claimant's employment". In this state of the findings we do not have a definite question to review. If the board found that claimant was injured while on the way to his car to return to work, and still found that the accident did not arise out of his employment, one question is presented. If the board found that claimant was injured while playing ball and was not on his way to work, another question is presented. To adequately review the decision we must know which version the board accepted and must have a factual finding as to what claimant was doing at the time of the accident. To merely recite a conflict and find that the accident did not arise out of claimant's employment leaves both versions open, and an affirmance could be construed as an affirmance on either or both versions. Only confusion would result. Decision reversed, without costs, and the matter remitted to the Workmen's Compensation Board for the purpose of making proper findings of fact. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.